IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILMON EARL NICHOLS,          :

    Petitioner,             :

v.                            :         CIVIL ACTION 04-0833-BH-M

STEPHEN BULLARD,              :

    Respondent.             :

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that this habeas petition be dismissed as time- barred and that judgment be entered in favor of Respondent Stephen Bullard and against Petitioner Wilmon Earl Nichols pursuant to 28 U.S.C. § 2244(d).

Petitioner was convicted of second-degree burglary, following a guilty plea, in the Circuit Court of Mobile County on May 31, 2002 for which he received a sentence of life in the state penitentiary (Doc. 1, pp. 2-3; Doc. 9, Exhibit RX-A,

p. 2).  Nichols did not appeal his conviction or sentence (Doc. 1, p. 3).  He did, however, file a motion to set aside his guilty plea— treated as a Request to Reconsider Sentence—which was denied on August 16, 2002 (Doc. 9, Exhibit RX-A, p. 3).

Petitioner filed a State Rule 32 petition on January 14, 2004 (Doc. 9, Exhibit RX-A, pp. 9-20).  Following the denial of the petition by the lower court, the Alabama Court of Criminal Appeals affirmed the denial, finding the claims to be procedurally defaulted and without merit (Doc. 9, Exhibit RX-C).  On December 10, 2004, a Certificate of Judgment was entered on Nichols's Rule 32 petition by the Alabama Supreme Court (Doc. 9, Exhibit RX-D).

Nichols filed a complaint with this Court on December 30, 2004, raising the claim that the State Court was without jurisdiction to render judgment or impose a sentence against him because the indictment, which charged him with first-degree burglary, was amended to charge second-degree burglary (Doc. 1).  Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 9, pp. 5-6).  Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in

pertinent part, 28 U.S.C. § 2244.  The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

The AEDPA became effective on April 24, 1996.  *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Petitioner's conviction became final on August 9, 2002, the forty-second day after his sentencing on which Nichols could have appealed his conviction.  Ala.R.App.P. 4(b)(1).[1] At that point, the AEDPA statute of limitations clock began to run.[2]  Petitioner's habeas corpus petition was not filed in this Court until December 30, 2004, more than a year after the

---

[1] "In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (six weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2)."

[2] The Court notes that Nichols's motion to reconsider his sentence did not affect the appeal time of his conviction and sentence as the Alabama Court of Criminal Appeals has held that "a motion for reconsideration of sentence does not extend the time for filing notice of appeal."  *Martinez v. State*, 602 So.2d 504, 505 (Ala. Crim. App. 1992).

3

Statute of Limitations period had expired.

Petitioner filed a Rule 32 petition in State court on January 14, 2004, more than five months after the grace period had expired. The Eleventh Circuit Court of Appeals has held that "[a] state court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). Petitioner's Rule 32 petition was filed too late to toll the statute.

Clearly, Petitioner's habeas corpus petition was filed well beyond the one-year limitations period and filed in violation of 28 U.S.C. § 2244(d). The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996.[3] Therefore, this action is time-barred.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Stephen Bullard and against Petitioner Wilmon Earl Nichols pursuant to 28 U.S.C. § 2244(d).

---

[3] This Court entered an Order on June 30, 2005, ordering Nichols to file a pleading with this Court, no later than July 20, 2005, why this action should not be dismissed as time-barred (Doc. 10). As of this date, Petitioner has filed no response.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de</u> <u>novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en</u> <u>banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de</u> <u>novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the

5

magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 22nd day of July, 2005.


                                                    s/BERT W. MILLING, JR.
                                                    UNITED STATES MAGISTRATE JUDGE